Pennsylvania Water Company *v.* McDonald et al., Appellants.

Argued  May  6,  1935.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Elverton H. Wicks,* for appellants.

*H. S. Carmack,* with him *H. E. Carmack,* for appellee.

OPINION BY STADTFELD, J., July 18, 1935:

This is an appeal by defendants from a judgment entered in the County Court of Allegheny. County in an action of assumpsit for want of a sufficient affidavit of defense.

Plaintiff, appellee, is a public service company supplying water to boroughs and townships, lying east of the city of Pittsburgh to the county line of Allegheny County.

The statement of plaintiff avers that on February 3, 1928, appellants signed an application for water service to certain premises owned by defendants situate on the west side of Braddock Avenue, in the Borough of Wilkinsburg, having a frontage of 40 feet on said Braddock Avenue, and extending back 100 feet. The said application was duly approved by plaintiff company on . February 7, 1928. Said application provided that: "The applicant shall be held responsible for all water rents and meter charges for said premises until payment thereof is made and written notice is given to the company to discontinue service." A copy of said application is attached to the statement of claim. The statement further avers that plaintiff company supplied water to the premises described, continuously from the date thereof until November 14, 1933, when upon written order of the defendants, said application was cancelled and service was discontinued; that no written order to discontinue said service was ever given by defendants to plaintiff, until November 14, 1933; that at

the time of the discontinuance of the service to the said premises, the defendants were indebted to plaintiff for the supply of water to said premises under said application in the sum of $18.40; plaintiff attached to its statement an itemized bill showing the amount of water supplied to said premises, the dates during which supplied, the amounts charged and all the credits to which defendants are entitled; that the rates charged are the regular schedule of rates filed with the Public Service Commission.

An affidavit of defense was filed, admitting the contract in question, but denied that plaintiff company supplied water to the premises in pursuance of said application continuously from the date thereof until November 14, 1933; it admitted that no written order to discontinue said service was given by said defendants to plaintiff company until November 9, 1933. It averred that "on or about the 28th day of November, 1932, the plaintiff company in compliance with its rules and regulations delivered to the defendants a certain written notice advising and informing the defendants that unless the water bill then owed for water used at said premises was paid within forty-eight (48) hours from date of the delivery of such notice, that the plaintiff company would shut off the water and discontinue the service to the said premises." A copy of said notice is attached to the affidavit of defense. Defendants aver that upon receipt of said written notice from plaintiff, defendants "advised and informed the plaintiff company that they would not be responsible for any water furnished to the said premises, and verbally instructed the said Pennsylvania Water Company to proceed to carry out the notice so delivered by the plaintiff company to the defendants." Defendants aver that thereupon and thereafter, the plaintiff company did enter into negotiations with the tenants occupying the said premises and under arrangements made by the plaintiff

company with the said tenants, the plaintiff company continued to furnish and supply water to the said premises for consumption by said tenants. Defendants denied any knowledge of the payments made by said tenants or of the credits shown on the itemized bill referred to, and aver that if made they were made without the knowledge or consent of the defendants; defendants denied the indebtedness claimed and any part thereof.

On a rule for judgment for want of a sufficient affidavit of defense, the same was made absolute in an opinion by PIEKARSKI, J. From the judgment so entered this appeal was taken.

No written notice to discontinue service was given to the plaintiff by the defendants until November 14, 1933, after the claim for water had accrued. Appellants contend that the giving of the 48 hour notice and the "arrangements" made with tenants constituted an abandonment of the contract. The "forty-eight hour notice" stated, "This is to advise you that the bill for water amounting to $12 for the property located at No. Pt. L. 30-31 Braddock Avenue is past due, the thirty day credit period having expired October 31. In order to avoid the unpleasantness which usually follows the shutting off of supply and the unnecessary expense to you of one dollar ($1) to have it turned on again, the water company has extended the credit period to November 2nd. If not paid by that time a shut off order will be issued and a charge of one dollar ($1) in addition to the water bill will be made and must be paid before the supply will be continued. Please note that this notice is not required by your contract, but is a matter of courtesy on the part of the water company, the sending of which will not be continued to consumers who are habitually delinquent in the payment of their water bills.—(Signed) Pennsylvania Water Company."

This notice shows on its face that it was not the intention of appellee to cancel the contract. It warns the appellant that their water will be shut off, causing them annoyance, and that they will be put to an additional expense, when the water is turned on again.

Even if we give to defendants' averment "that upon the receipt of the said written notice from plaintiff ...... defendants advised and informed the *plaintiff company* that they would not be responsible for any water furnished to the said premises, and *verbally instructed the said Pennsylvania Water Company* to proceed to carry out the notice so delivered by the plaintiff company to the defendants," the most favorable intendment, it is too vague and indefinite. It does not aver to what officer or employee the alleged notice was given.

Likewise the averment that plaintiff company did enter into "negotiations" with the tenants occupying the said premises and under "arrangements" made by the plaintiff company continued to furnish and supply water to the said premises. These averments are entirely too vague. It does not follow because of the alleged "negotiations" and "arrangements" that there was an intention on part of appellee to abandon the contract between it and appellant. These "negotiations" and "arrangements" are not sufficient especially when the same were not between the original parties to the contract.

Likewise the averment in the affidavit of defense that "Defendants have no knowledge of the payments made by the said tenants, or of the credits shown upon Exhibit B attached to the plaintiff's statement of claim etc.," and denies responsibility for the payments alleged to have been made. For all that appears the payments, for which credits are given, may have been made by the tenants on account of the indebtedness owing by defendants in order to prevent the shutting off

of the water supply. These averments do not disclose any valid defense to plaintiff's claim.

We see no error in the entry of judgment by the lower court. The assignment of error is overruled and judgment affirmed.